[Civ. No. 10836. First Appellate District, Division Two.—October 11, 1938.]

J. SEARLES, Appellant, v. MARITIME FEDERATION OF THE PACIFIC COAST (an Unincorporated Association), Respondent.

Milton Sapiro for Appellant.

George R. Andersen for Respondent.

SPENCE, J.—Plaintiff, as the assignee, of Aaron Sapiro, sought to recover the sum of $2,200 from defendant, which sum was alleged to have become due to Mr. Sapiro "on an account stated for legal services rendered in the sum of $2500.00" of which it was alleged defendant had paid the sum of $300. The cause was tried by the court sitting without a jury and judgment was entered in favor of the defendant. Plaintiff appeals from said judgment.

The defendant Maritime Federation of the Pacific Coast is an unincorporated association composed of many maritime and nonmaritime unions on the Pacific coast. Its function is to provide a forum where the problems affecting the various unions may be discussed and where joint policies may be formulated. It is described in the testimony as a "coordinating body" and as "more or less of a committee".

In 1935 and prior to the time of the organization of the federation, certain maritime workers were arrested and a

committee was formed to aid in their defense. This committee was known as the Modesto Defense Committee, the Joint Marine Modesto Committee and the Modesto Defense Fund Committee. It may be hereinafter referred to as the Fund Committee. This committee was a separate entity and bore no relation to defendant Maritime Federation of the Pacific Coast, which as above stated, had not then been organized. This committee retained attorneys and provided funds for the defense by soliciting contributions from the various unions and their members. Several attorneys had been employed to represent the various defendants in the criminal proceedings prior to the time that Mr. Sapiro rendered any services.

In 1936 Mr. Sapiro rendered services for certain of said defendants and it is for these services that the claim was made upon defendant herein. This defendant took the position that it had never contracted for the legal services in question; that there had never been any account stated with it; that Mr. Sapiro had been retained by the Fund Committee above mentioned and had looked solely to that committee for payment for his services; that no bill had ever been submitted to the federation, but that the bill, if any, had been submitted to the above-mentioned committee and had been partially paid by said committee. The trial court sustained the position of said defendant and made findings in its favor.

Appellant first contends that the findings of the trial court are not sustained by the evidence, but we find no merit in this contention. Appellant calls our attention to the report of a "Modesto Defense Committee" appointed by respondent, which committee reported at its 1936 convention. This committee is referred to by respondent as the Convention Committee or the Fact Finding Committee. This committee did make a report relating to the status of the Modesto cases. They also presented a resolution accompanying said report, which resolution recited that the majority of the defendants desired a change of attorneys and provided for the employment of Mr. Sapiro. The minutes of the convention show that it was moved, seconded and carried "that we accept the resolution". It was the position of respondent that this action merely constituted an acceptance and not an approval of the resolution. This position is sustained

by the record in that the testimony shows that said resolution was referred to a committee and that it "died in committee". In performing his services, Mr. Sapiro did not consult or correspond with the officers or the executive committee of respondent, but he did consult and correspond with a committee. It was respondent's claim that this last-mentioned committee was the original Fund Committee and that it was not a committee authorized to act for or to obligate respondent. The trial court sustained this claim and its conclusion finds support in the record.

In an effort to show an account stated with respondent, appellant introduced testimony to the effect that a bill for said services had been sent to respondent and that no objection had been made thereto. Respondent introduced testimony to show that no such bill had ever been received by respondent. At most, the record merely shows a conflict on the question of whether any alleged account had ever become stated between the parties.

Appellant further contends that the trial court committed prejudicial error in sustaining an objection to the introduction of evidence. During the examination of a witness who attended the 1936 convention, said witness was asked, "Was anything stated in the report as to the employment of Mr. Sapiro?" To this question the trial court sustained an objection stating that the committee had made a written report. The question related to the report of the Convention Committee to which reference has been made. During the discussion of the objection between court and counsel, the question arose as to whether there had been an oral as well as a written report. In this discussion counsel for appellant conceded that the resolution was "a résumé and the conclusion of the report". Said resolution did refer to the employment of Mr. Sapiro but, as above stated, the resolution was merely accepted, was referred to a committee and was never brought out of committee. Under the circumstances, it does not appear that the error, if any, in sustaining said objection was prejudicial to appellant.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 10, 1938.